48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Roland William EDWARDS and Patricia Ann Edwards, Plaintiffs-Appellants,
v.
CIGNA PROPERTY AND CASUALTY COMPANIES; Insurance Company of
North America; and Does 1 through 25, inclusive,
Defendants-Appellees.
 No. 93-56026.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1995.
Decided March 8, 1995.
 
 1
 Before: BEEZER and NOONAN, Circuit Judges, EZRA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Roland William Edwards and Patricia Ann Edwards ("the Edwards") appeal the district court's grant of summary judgment in favor of Insurance Company of North America ("INA").[1] The district court held that, although INA had undertaken a defense of the Edwards in an underlying civil action, INA had no duty to defend the Edwards in a related contempt proceeding.
 
 
 4
 The Edwards contend that the district court erred in two regards: (1) the contempt proceeding was not a separate action; and, therefore (2) INA had a duty to defend all aspects of the underlying action, including defense of the Superior Court's turn-over order, contempt proceeding, and writ of mandate.
 
 I. Factual Background
 
 5
 In 1990, after a dispute over possession of a dog, the Edwards were sued in an action seeking damages for bodily injury based on assault and battery, and intentional and negligent infliction of emotional distress. The suit also sought possession of the dog. INA agreed to provide a defense for the Edwards under the terms of their homeowner's policy, finding a potential for coverage due to the possibility of negligence in causing bodily injury. The litigation subsequently involved a contempt order against the Edwards opposing a writ of possession for the dog. The California Court of Appeal eventually held that the contempt order was issued in error. Edwards v. Superior Court, 230 Cal.App.3d 173 (1991). INA refused to reimburse the Edwards for legal expenses incurred in opposing the contempt order, claiming there was no duty to defend a separate action not part of the original complaint.
 
 II. Standard of Review
 
 6
 A grant of summary judgment is reviewed de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940, (9th Cir.1992); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987).
 
 III. Discussion
 
 7
 An insurer's duty to defend arises if "there is a 'possibility' or 'potential' for coverage whether revealed by facts alleged in the complaint or otherwise known to the insurer." Intex Plastics Sales Co. v. United Nat'l Ins. Co., 23 F.3d 254, 256 (9th Cir.1994) (quoting Gray v. Zurich Ins. Co., 65 Cal.2d 263, 276-77 (1966)). "[T]he duty to defend remains on the carrier so long as the suit potentially seeks damages within the coverage of the [p]olicy." Consolidated American Ins. Co. v. Mike Soper Marine Services, 951 F.2d 186, 188 (9th Cir.1991). Conversely, there is no duty to defend if there is no potential for coverage. Standard Fire Ins. Co. v. Peoples Church of Fresno, 985 F.2d 446, 450 (9th Cir.1993) (citing Jaffe v. Cranford Ins. Co., 168 Cal.App.3d 930, 934 (1985)). There is no unlimited duty to defend separate actions arising from the same set of facts. See La Jolla Beach and Tennis Club, Inc. v. Industrial Indemnity Co., 9 Cal.4th 27, 43 (1994). To establish a duty to defend, the initial burden is on the insured party to show that the claim may fall within the policy coverage. Montrose Chemical Corp. of California v. Superior Court, 6 Cal.4th 287, 300 (1993); Royal Globe Ins. Co. v. Whitaker, 181 Cal.App.3d 532, 537 (1986).
 
 
 8
 The Edwards make no attempt to show that the claim regarding possession of the dog has any possibility or potential for coverage within the policy. They contend that INA had a duty to defend in the contempt proceedings because the "ultimate issue involved in those proceedings (the possession of the dog) was fundamentally related" to their entire defense in the underlying action. Appellants Br. at 18.
 
 
 9
 In the Edwards' case, possession of the dog does not give rise to even a potential for coverage under the policy's provisions for property damage or bodily injury, and the Edwards do not argue otherwise. Because the Edwards cannot meet their burden of showing that the claim for possession of personal property has any potential for coverage under their homeowner's policy, INA has no duty to defend that issue in a contempt proceeding.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court's order noted that CIGNA Property and Casualty Companies was erroneously brought in as a party. Order Granting Summary Judgment, June 2, 1993, at 1 n. 1. At the February 8, 1995 hearing before this court, the Edwards stipulated that INA was the sole defendant in this action